18-3732-cr
*United States v. Jackson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.**

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> *Circuit Judges*,
> LEWIS A. KAPLAN,[*]
> *District Judge*.

---

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　v.　　　　　　　　　　　　　　　　　　　　No. 18-3732-cr

PERNELL JACKSON,

　　　　　*Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY. |

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                                    MONICA J. RICHARDS, Assistant United States
                                                  Attorney, *for* James P. Kennedy, Jr., United
                                                  States Attorney for the Western District of
                                                  New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Pernell Jackson appeals from a judgment of the United States District Court for the Western District of New York, convicting him, after a plea of guilty, of one count of knowingly and willfully making and using false writings and documents containing materially false, fictitious, and fraudulent statements and representations, in violation of 18 U.S.C. § 1001(a)(3), and sentencing him to 12 months' imprisonment and two years of supervised release. Jackson here challenges one of the standard conditions of supervision, which, as revised by the standing order issued by the United States District Court for the Western District of New York on March 22, 2019, states:

> If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Addendum to Appellant's Br. 21. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The only issue on appeal is whether the above risk notification condition, as amended by the standing order, gives the probation officer too much discretion in determining who should be notified about a risk Jackson may pose. We recently held that a similar challenge to the same

2

condition was unripe. *See United States v. Traficante,* No. 18-1962, 2020 WL 4032220, at *5–6 (2d Cir. July 17, 2020). There, we noted that "while it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in [*United States v. Boles*, 914 F.3d 95, 111–12 (2d Cir. 2019)], such a challenge would . . . be unripe, since the ostensibly improper delegation may never actually occur." *Id.* at *5. The same reasoning forecloses Jackson's challenge. Specifically, "the supposed delegation is conditioned on the district court finding, during [Jackson's] term of supervised release, that he poses a risk of committing further crimes against another person," which "might not occur." *Id.* And "even if it does, the district court still might directly order [Jackson] to notify the at-risk individual, or alternatively, order the probation officer to require [Jackson] to so notify the potential victims." *Id.* "In either scenario, the probation officer would lack discretion over whether to impose a notification obligation on [Jackson]." *Id.*

Accordingly, we decline to reach Jackson's challenge at this time. Should the contingencies described above in fact materialize, Jackson may challenge the degree of discretion afforded to the probation officer in the district court at the appropriate time. *See id.*

For the foregoing reason, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3